UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| TALIA JANE BEN-ORA<br>216 Schaefer Street, Apt. 2L<br>Brooklyn, New York 11207,<br><br>        Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.<br>1775 Eye Street NW, Suite 1150-290<br>Washington, D.C. 20006,<br><br>        Defendant. | Case No: |

## COMPLAINT

Plaintiff Talia Jane Ben-Ora ("*Plaintiff*"), by and through her undersigned counsel, for its Complaint against defendant The Daily Caller, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a series of videos and photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain dailycaller.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Talia Jane Ben-Ora is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

6. On information and belief, defendant The Daily Caller, Inc., is a Delaware

corporation with a principal place of business at 1775 Eye Street NW, Suite 1150-290, Washington in District of Columbia County, District of Columbia.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in District of Columbia.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional cinematographer by trade who is the legal and rightful owner of certain videos and photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's works while many others are the subject of pending copyright applications.

13. Plaintiff's works are original, creative works in which Plaintiff owns protectable copyright interests.

14. On October 16, 2023, Plaintiff first published a photograph of Wallace Shawn Attends Jewish Groupsa Pro-Palestine Protest In DC ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

15. Plaintiff published Photograph 1 on her social media accounts for the purpose of display and/or public distribution.

16. In creating Photograph 1, Plaintiff personally selected the subject matter, timing,

lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

17. On January 6, 2024, Photograph 1 was registered by the USCO under Registration No. VA 2-387-103.

18. Plaintiff created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. On October 21, 2023, Plaintiff first published a video footage of NYPD creating a horseshoe blockade, forcing the protest to a halt ("*Video 1*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

20. Plaintiff published Video 1 on her social media accounts for the purpose of display and/or public distribution.

21. In creating Video 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

22. On November 9, 2023, Video 1 was registered by the USCO under Registration No. PA 2-445-636.

23. Plaintiff created Video 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

24. On October 21, 2023, Plaintiff first published a video footage of multiple arrests in Bay Ridge. NYPD blocked the march from moving in any direction, then played LRAD threatening arrests. ("*Video 2*"). A copy of Video 2 is attached hereto collectively as Exhibit 1.

25. Plaintiff published Video 2 on her social media accounts for the purpose of display and/or public distribution.

26. In creating Video 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

27. On November 9, 2023, Video 2 was registered by the USCO under Registration

3

No. PA 2-445-637.

28. Plaintiff created Video 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

29. On October 16, 2023, Plaintiff first published a video footage of Wallace Shawn attends Jewish Groupsâ Pro-Palestine Protest In DC ("*Video 3*"). A copy of Video 3 is attached hereto collectively as Exhibit 1.

30. Plaintiff published Video 3 on her social media accounts for the purpose of display and/or public distribution.

31. In creating Video 3, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

32. On November 9, 2023, Video 3 was registered by the USCO under Registration No. PA 2-445-624.

33. Plaintiff created Video 3 with the intention of it being used commercially and for the purpose of display and/or public distribution.

34. On April 22, 2024, Plaintiff first published a video footage of Pro- Palestinian protesters at Columbia University ("*Video 4*"). A copy of Video 4 is attached hereto collectively as Exhibit 1.

35. Plaintiff published Video 4 on her social media accounts for the purpose of display and/or public distribution.

36. In creating Video 4, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

37. On May 13, 2024, Video 4 was registered by the USCO under Registration No. PA 2-473-466.

38. Plaintiff created Video 4 with the intention of it being used commercially and for the purpose of display and/or public distribution.

39. Hereinafter the individual photographs and videos herein listed above are collectively referred to as the "*Works*".

B. **Defendant's Infringing Activity**

40. Defendant is the registered owner of the Website and is responsible for its content.

41. Defendant is the operator of the Website and is responsible for its content.

42. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

43. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

44. The Website is monetized in that it sells subscription to the public and, on information and belief, Defendant profits from these activities.

45. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

46. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

47. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

48. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

49. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

50. On or about October 13, 2023, Defendant displayed Photograph 1 on the Website

5

as part of an on-line story at URL https://dailycaller.com/2023/10/16/wallace-shawn-white-house-palestine-jewish-protest/ ("*Infringement 1*"). A copy of a screengrab of the Website including Infringement 1 is attached as a part of Exhibit 2.

51. Infringement 1 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

52. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

53. On or about October 22, 2023, Defendant displayed Video 1 on the Website as part of an on-line story at URL https://dailycaller.com/2023/10/22/from-river-sea-anti-israel-protesters-clash-nypd-palestine-hamas/ ("*Infringement 2*"). A copy of a screengrab of the Website including Infringement 2 is attached as a part of Exhibit 2.

54. Infringement 2 is an exact copy of Plaintiff's original Video 1 that was directly copied and displayed by Defendant on the Website.

55. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video 1 on the Website.

56. On or about October 22, 2023, Defendant displayed Video 2 on the Website as part of an on-line story at URL https://dailycaller.com/2023/10/22/from-river-sea-anti-israel-protesters-clash-nypd-palestine-hamas/ ("*Infringement 3*"). A copy of a screengrab of the Website including Photograph 3 is attached as a part of Exhibit 2.

57. Infringement 3 is an exact copy of Plaintiff's original Video 2 that was directly copied and displayed by Defendant on the Website.

58. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video 2 on the Website.

59. On or about October 16, 2023, Defendant displayed Video 3 on the Website as part of an on-line story at URL https://dailycaller.com/2023/10/16/wallace-shawn-white-house-palestine-jewish-protest/ ("*Infringement 4*"). A copy of a screengrab of the Website including Photograph 4 is attached as a part of Exhibit 2.

60. Infringement 4 is an exact copy of Plaintiff's original Video 3 that was directly copied and displayed by Defendant on the Website.

61. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 4 on the Website.

62. On or about October 16, 2023, Defendant displayed a still frame image from Video 3 on the Website as part of the same on-line story at URL https://dailycaller.com/2023/10/16/wallace-shawn-white-house-palestine-jewish-protest/ ("*Infringement 5*"). A copy of a screengrab of the Website including Photograph 5 is attached as a part of Exhibit 2.

63. Infringement 5 is a still frame image from Video 3 that was directly copied and displayed by Defendant on the Website.

64. Infringement 5 is stored on the Website at URL: https://images.dailycaller.com/image/width=1280,height=549,fit=cover,f=auto/https://cdn01.dailycaller.com/wp-content/uploads/2023/10/Screenshot-2023-10-16-163821-e1697488871525.png.

65. Without permission or authorization from Plaintiff, Defendant volitionally reproduced and/or displayed Plaintiff's copyright protected Video 3 on the Website.

66. On or about April 22, 2024, Defendant displayed Video 4 on the Website as part of an on-line story at URL: https://dailycaller.com/2024/04/22/columbia-faculty-orchestrate-walkout-pro-palestinian-protesters-minouche-shafik/ (*"Infringement 6"*). A screengrab of the Website including the Video is attached hereto as Exhibit 2.

67. Without permission or authorization from Plaintiff, Defendant volitionally displayed Plaintiff's copyright protected Video 4 on the Website.

68. Upon information and belief, each of Plaintiff's Works were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Works (hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

69. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed

tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific Infringements.

70. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Works.

71. Upon information and belief, the Works were willfully and volitionally posted to the Website by Defendant.

72. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

73. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

74. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

75. Upon information and belief, Defendant monitors the content on its Website.

76. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

77. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its revenues.

78. Upon information and belief, a large number of people have viewed the unlawful copies of the Works on the Website.

79. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted Works.

80. Defendant's use of the Works harmed their actual market.

81. Defendant's use of the Works, if widespread, would harm Plaintiff's potential market for the Photograph.

82. On May 22, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

83. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

84. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's Works thereby establishing the willful nature of its conduct.

85. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

86. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

87. The Works are each original, creative works in which Plaintiff owns a valid copyright.

88. The Works are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

89. Plaintiff has not granted Defendant a license or the right to use the Works in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

90. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

91. Defendant's reproduction of the Works and display of the Works constitutes willful copyright Infringements.

92. Upon information and belief, Defendant willfully infringed upon Plaintiff's Works in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Works without Plaintiff's consent or authority, by using it on the Website.

93. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

94. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

95. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

96. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.  finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

  b.  for an award of actual damages and disgorgement of all of Defendant's

       profits attributable to the Infringementss as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: August 12, 2024

                              **SANDERS LAW GROUP**

                              By:   */s/ Craig Sanders*
                              Craig Sanders, Esq.
                              333 Earle Ovington Blvd, Suite 402
                              Uniondale, NY 11553
                              Tel: (516) 203-7600
                              Email: csanders@sanderslaw.group
                              File No.: 129853

                              *Attorneys for Plaintiff*